IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

E.M., by her mother and next friend,          )
KAY THOMPSON                                  )
                                              )
                    Plaintiff,                )
                                              )
                    and                       )
                                              )
UNITED STATES OF AMERICA,                     )
                                              )
                    Plaintiff Intervenor,     )
                                              )
        v.                                    )    C.A. No. 05-10611-GAO
                                              )
TOWN SPORTS INTERNATIONAL, INC. and           )
TSI WELLESLEY, INC.,                          )
                                              )
                    Defendants.               )

STIPULATED SETTLEMENT AGREEMENT,
FINAL JUDGMENT, AND CONSENT ORDER

Plaintiff E.M., by her mother and next friend, Kay Thompson, and the United

States of America as plaintiff-intervenor (collectively referred to as "Plaintiffs") initiated

this action pursuant to title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§§ 12181-12189, and the Department of Justice implementing regulations, 28 C.F.R. Part

36. Plaintiffs allege, inter alia, that defendants Town Sports International, Inc. and TSI

Wellesley, Inc. (collectively referred to as "Defendants" or "TSI") violated title III of the

ADA when according to Plaintiffs, TSI removed E.M. from the TSI Wellesley's

Children's Camp ("TSI Camp") on the basis of disability after one day of camp, and

denied reasonable requests that the Camp permit E.M. to attend TSI Camp and supervise

E.M. in testing her blood glucose level and administering insulin to her using her insulin pump in addition to other daily diabetes care practices.

Plaintiff E.M.'s and the United States' Complaints (collectively, "Complaints") allege, inter alia, that TSI's failure to make reasonable modifications in policies, practices, and procedures when necessary to provide appropriate supervision or assistance to E.M. or other campers with diabetes in order to ensure safe participation in the TSI Camp constitutes discrimination on the basis of disability within the meaning of Section 302 of the ADA, 42 U.S.C. § 12182, and its implementing regulation, 28 C.F.R. § 36.302. Plaintiff E.M.'s Complaint also alleges, inter alia, violations of the Massachusetts Public Accommodations Law ("MPAL"), M.G.L. c. 272, § 98.

This Stipulated Settlement Agreement, Final Judgment, and Consent Order ("Consent Order") resolves, fully and finally, Plaintiffs' Complaints filed in this Court and allegations Plaintiffs may have against Defendants and/or all matters surrounding the United States Department of Justice ("DOJ's") investigation of TSI. Plaintiff E.M., through her counsel, filed this action on March 29, 2005, alleging that TSI discriminated against E.M. on the basis of her diabetes in violation of the ADA and Massachusetts state law. The United States has moved to intervene as a plaintiff in this action. Plaintiff E.M., the United States, and TSI (collectively referred to as "the parties") have voluntarily joined in this Consent Order in order to amicably resolve this dispute without further litigation or investment of additional time and resources.

## Jurisdiction and Venue

1.      Plaintiffs allege that the Court has jurisdiction over this action under 42 U.S.C.
§ 12188(b)(l)(B), and 28 U.S.C. §§ 1331 and 1345. Plaintiffs allege that venue is proper
in this District pursuant to 28 U.S.C. § 1391.

2.      Subject to paragraph 12 in this Consent Order, the parties agree that the Court has
authority to grant equitable relief, declaratory relief, monetary damages, and civil
penalties pursuant to this Order and to the same degree as set out under 42 U.S.C.
§§ 12188(b)(2), 28 U.S.C. §§ 2201 and 2202.

## Contentions of the Parties

3.      Plaintiffs contend that Town Sports International, Inc. and TSI Wellesley, Inc. are
private entities that own, lease, or operate places of public accommodation within the
meaning of section 301 of the ADA, 42 U.S.C. § 12181, and are, therefore, public
accommodations within the meaning of title III of the ADA, 42 U.S.C. § 12181(7) and 28
C.F.R. § 36. 104. For purposes of the Consent Order only, TSI agrees that it is subject to
the requirements of title III of the ADA. Plaintiff E.M. separately asserts that TSI is a
covered entity under the Massachusetts Public Accommodations Law ("MPAL"), M.G.L.
c. 272, § 98.

4.      The United States Department of Justice ("the DOJ" or "the Department of
Justice") is the federal government agency responsible for administering and enforcing
title III of the ADA, 42 U.S.C. §§ 12181-12189.

5.      The Attorney General has authority under 42 U.S.C. § 12188(b)(l)(A)(i) to
conduct investigations of alleged violations of title III, and has investigated whether TSI
refused to modify its policies prohibiting E.M. from attending the TSI Camp. E.M.

alleges that she uses an insulin pump as a treatment for her Type I diabetes and E.M.'s
parents had requested assistance from TSI staff to help E.M. to regularly monitor her own
blood sugar level and blood glucose testing as well as her use of her insulin pump
equipment.

6.    Plaintiffs assert specifically that TSI's policy and its conduct discriminate against
individuals on the basis of disability in the full and equal enjoyment of the goods,
services, facilities, privileges, advantages, or accommodations of a place of public
accommodation, in violation of 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201(a) by
failing to (1) make reasonable modifications in policies, practices, or procedures, in
violation of 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302(a); and (2) provide an
individual or class of individuals on the basis of a disability or disabilities with goods,
services, facilities, privileges, advantages or accommodations that are different from
those provided to other individuals, in violation of 42 U.S.C. § 12182(b)(1)(A)(iii) and 28
C.F.R. § 36.202(c).

7.    TSI denies each and every allegation of Plaintiffs, including but not limited to,
those in the preceding paragraphs, in Plaintiff E.M.'s and the United States' Complaints
and/or the alleged results of the investigation conducted by the DOJ. Furthermore, TSI
asserts that at all times TSI has acted, is acting, and will continue to act consistently with
the Americans with Disabilities Act, MPAL, and local law. This Consent Order does not
constitute an admission of liability. Nothing in this Consent Order, including the
payment of any sums by TSI, constitutes an admission by TSI of such wrongdoing or
liability, or otherwise constitutes an admission of a violation of the ADA, MPAL, or any
local law. Nothing in this Consent Order affects or interferes with Defendants'

continuing responsibilities to comply with the ADA, MPAL, and other applicable federal, state and local laws.

8.      The parties wish to amicably resolve this matter without resort to further litigation, believe that resolution of this matter is in the public interest through a Consent Order, which terminates three (3) years from the entry date of this Consent Order.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of a Consent Order resolving the case as follows:

9.      Injunctive Relief

a.      TSI agrees not to discriminate against any camper on the basis of the disability of diabetes; that is, TSI agrees to provide all campers with diabetes with an equal opportunity to attend TSI camps and to participate in all programs, services, or activities provided by TSI to the extent of nondisabled applicants and/or campers, unless the presence or participation of that camper poses a "direct threat." The definition of "direct threat" to others is governed by 28 C.F.R. § 36.208.

b.      TSI may invoke the "direct threat" defense to deny participation to any applicant or camper with diabetes if the following procedure is followed: (1) TSI completes a written individual assessment of the camper including review of medical records provided by the camper or the family -- the assessment must be based upon reasonable judgment and current medical evidence and signed by a licensed medical doctor with expertise in the treatment of diabetes in children who is not routinely employed by TSI; (2) the assessment will take into

consideration: (a) the nature, duration, and severity of the risk; (b) the probability that the risk will actually occur; and (c) a written finding that reasonable modification of policies, practices or procedures will not mitigate or ameliorate the risk; and (3) the written, signed findings from the consulting physician will be received by the Plaintiff United States within three (3) working days of the decision to deny an application or to expel a camper from a TSI program. In the event that the findings are disputed by Plaintiff United States, Plaintiff United States shall provide reasonable notice to Defendant of such dispute and a reasonable opportunity to resolve, after which Plaintiff United States and/or Defendant may ask the Court to review the decision not to admit or to expel a camper.

c.      TSI may invoke the defense of fundamental alteration of the camp program, services or activities to deny an application or to expel a camper pursuant to 28 C.F.R. § 36.302, only after providing written notice to Plaintiff United States detailing the facts and circumstances related to the decision to invoke the "fundamental alteration" defense that shall be received by Plaintiff United States at least three (3) business days in advance of any action taken by TSI that is or may be adverse to the camper or applicant with diabetes. In the event Plaintiff United States disputes the allegation that admitting a child with diabetes would cause "fundamental alteration," Plaintiff United States shall provide reasonable notice to Defendant of such dispute and a reasonable opportunity to cure, after which Plaintiff United States and/or Defendant may

seek review of the decision and Plaintiff United States and Defendant may initiate any appropriate investigation or other action to enforce this Consent Order.

d.      TSI agrees to evaluate, on a case by case basis, and make reasonable accommodations to campers with diabetes and such accommodations may include but not be limited to supervising and monitoring of camp participants with diabetes while using blood glucose monitoring tests, insulin pumps, syringes, or other diabetes related medical equipment or consumption of food while participating in any TSI Camp program, service, or activity whether on TSI premises or elsewhere while attending TSI Camp.

e.      TSI will not refuse to admit any child at any of its TSI Camps on the basis that the child has diabetes or requires diabetes care unless, after a case by case analysis, the terms of the Consent Order cannot be fulfilled, including, but not limited to, situations in which the child poses a "direct threat" and/or would require "fundamental alteration" of the program, service or activity.

f.      TSI will take necessary steps to ensure that a child's diabetes care is integrated into the usual routine at TSI Camps to the greatest extent possible in accordance with the Americans with Disabilities Act.

g.      TSI hereby adopts the policy, effective thirty (30) days after the entry of this Consent Order, entitled "Camp Policy on Diabetes Management" ("Camp Policy"), which is attached hereto as Appendix A and is incorporated herein by reference. TSI will print and maintain copies of the Camp Policy in a central location, provide the policy to any interested party requesting it, and will incorporate the policy into its standard operating policies for all TSI Camps in

accordance with applicable state and local law and the Americans with

Disabilities Act.

h.      TSI will provide training as set forth in the Policy.

i.      When informed that a child who has applied to a TSI Camp has diabetes,

TSI will:

(1)     Advise the camper's parents, guardians, or caretakers of the Camp Policy

on Diabetes Management (attached hereto as Appendix A), and advise that the Camp will

comply with all applicable federal, state, and local laws;

(2)     Unless circumstances permit otherwise, no less than twenty (20) business

days prior to the Camp start date consistent with the Policy, require that the camper's

parents shall provide TSI with the following (to the extent that TSI would like any

additional information or documentation, it shall provide the United States with advanced

written notice of such request):

(i)     Completed typewritten Diabetes Management Plan, an example of which

is attached as Appendix B, clearly detailing any and all necessary care for the camper's

diabetes management and signed by the camper's primary care physician or

endocrinologist;

(ii)    Completed Physical Exam Form, Appendix C attached hereto, and any

other clear, type written health-related documents deemed relevant by the camper's

primary care physician or endocrinologist;

(iii)   Information regarding all equipment, food, and substances to be provided

by the camper's parents/guardians before the first day and not regularly provided by the

Camp that are necessary to meet or comply with the camper's Diabetes Management

Plan, the Physical Exam Form, the Camp Policy, and the health related documents mentioned in the preceding subparagraph (ii);

(iv)    Written permission to undertake steps indicated on the camper's Diabetes Management Plan (provided by the camper's parents or guardians) and to respond to any diabetes-related or other emergency in a manner consistent with those instructions and/or emergency protocols;

(v)    Executed general release and waiver of liability for care in a form required of all campers as a prerequisite to attendance that is substantially similar to Appendix D, attached hereto. This document releases the releasees and their agents from liability stemming from any action relating to the care of the camper, regardless of diabetes.

(vi)    Information regarding containers for proper disposal and maintenance of all materials including, but not limited to, keeping the camper's blood glucose meter and insulin pump in good working order (including, but not limited to, cleaning and performing controlled testing per the manufacturer' s instructions); and

(vii)    Reasonable availability of parents, guardians and/or their designees to attend meetings and/or the first day of camp and/or be available in conformance with the Policy.

(3)    Communicate with parents or guardians as set forth in the Policy and Medical Management Plan about the camper's diabetes management, diabetes care or diabetic health-related concerns;

(4)    Encourage compliance with the Medical Management Plan and Policy, independence, and self-care consistent with the camper's ability, skill, maturity, and development level; and

(5)     Respect the camper's and his or her family members' rights to confidentiality and privacy consistent with all pertinent local, state, or federal laws, regulations, or requirements.

j.      Within sixty (60) days of the effective date of this Consent Order, TSI will appoint a company-wide Diabetes Coordinator or equivalent to address diabetes-related questions and to assure timely responses to any camper, prospective camper, parent, or guardian.

k.      TSI will instruct each TSI Camp Director to consult with the TSI Diabetes Coordinator before rejecting any application for enrollment on behalf of a child with diabetes to the extent that the Camp Director or other TSI decision-maker(s) is aware that such child is a person with diabetes within the meaning of the ADA or applicable state law. TSI will maintain a record at its headquarters of all such admission inquiries on behalf of children with diabetes, including insulin-dependent diabetes, and the disposition of such inquiries for a period of three years from the date of the inquiry.

l.      Nothing in this Consent Order is intended to cause TSI to violate any provision of any state or local law. None of the parties to this Consent Order are aware of any state, local and/or municipal law in Massachusetts that prevents TSI from enrolling and caring for children as provided in this Consent Order. Plaintiff United States and TSI will consult on changes proposed to the Policy at least twenty (20) business days before any policy incorporated by reference herein is amended. Approval by the United States is not automatic and the United States

and/or Defendant may seek review of the Court of any proposed changes
consistent with provisions in paragraph 12 of this Consent Order.

10.     Releases and Monetary Relief

a.      In settlement of Plaintiff E.M.'s claims alleged against TSI, Plaintiff E.M.
shall recover from TSI, and TSI shall pay a check in the amount of $25,000.00
(twenty five thousand dollars and no cents), payable to E.M.

b.      In settlement of Plaintiff E.M.'s claims alleged against TSI, TSI shall
provide a check in the sum of $20,000.00 (twenty thousand dollars and no cents)
payable to the Disability Law Center, Inc. for attorneys' fees, costs and
disbursements.

c.      In settlement of the United States claims against TSI, within thirty (30)
days of the entry of this Consent Order, TSI will pay to the United States the sum
of $5,000.00 (five thousand dollars and no cents) by check payable to the United
States Treasury.

11.     Releases.  In exchange for payment of damages, attorneys' fees, and costs which
have been negotiated by TSI and E.M. pursuant to terms included in Appendix E and in
this Consent Order, attached hereto, Plaintiff E.M., her parents, guardians and anyone
claiming by, through, or for Plaintiff as set forth in Appendix E agrees to the terms of a
release Appendix E, attached hereto, which E.M.'s parents or guardians will sign. The
United States, through all of its entities including the DOJ, agrees not to sue the
Defendants in conjunction with its investigations relating to this case and on all matters
relating to this case prior to executing this Consent Order, including, but not limited to,
those set forth in this Consent Order.  The parties agree that should any party violate this

Consent Order, there are remedies set forth in paragraph 12(a) of this Consent Order, except as noted in paragraphs 9(b) & (c) of this Consent Order requiring reasonable notice and a reasonable opportunity to cure.

12. Monitoring

a.     Plaintiffs may review compliance with this Consent Order as applicable to each particular plaintiff, and any policy incorporated herein by reference, at any time. If Plaintiffs believe that TSI is not in compliance with this Consent Order or any requirement contained herein, Plaintiffs agree to notify TSI in writing of the alleged noncompliance and attempt to seek a resolution of the matter with TSI. TSI shall have ten (10) business days from the date of the notice in which to correct the alleged noncompliance. If, after this 10 day notice and opportunity to cure, the parties are unable to reach a resolution, Plaintiff E.M. may seek appropriate relief from this Court for any violations of the Agreement that directly apply to herself; and/or the DOJ on behalf of the United States may seek appropriate relief from the Court for violations of the Agreement; and/or Defendants may seek appropriate relief from the Court for violations of the Agreement by any or all Plaintiffs. The United States and TSI may enforce this Consent Order only to the extent it pertains to children with diabetes.

b.     TSI will enforce and monitor its compliance with the terms of this Consent Order and all referenced policies. Should the parties seek to modify any policy referenced in this Order or adopted pursuant to this Order, the parties agree to exchange a copy of the proposed revision and any reasons for proposing it in the following manner: to the extent that change affects Plaintiff E.M.'s rights under this Consent Order, TSI will exchange a

copy of the proposed revision and reasons for proposing it to E.M.'s parents or guardians; and/or to the extent that change affects Plaintiff United States, TSI will exchange a copy of the proposed revision and reasons for proposing it to counsel for the United States. Counsel will review the information on an expedited basis. If any party's counsel objects to the proposed revision, the parties and/or their counsel will meet and confer promptly over the issue. If the parties are unable to reach agreement on the revision, they shall move the Court for resolution of the issue. The existing policy will remain in effect until a final resolution is reached either by agreement of the parties or by Court Order issued following the procedures set forth above including the "meet and confer" conference requirement.

c.     TSI will provide written reports to the United States regarding compliance with this Consent Order. The first report will be due two months after the Consent Order is entered and will be limited to a report verifying that TSI has complied with paragraph 9(g) of this Consent Order. The second, third, and fourth reports shall be due six (6), eighteen (18) and thirty (30) months, respectively, from the entry of the Consent Order. The second, third and fourth report must state the number of applicants with diabetes who applied to attend any TSI program, the particular diabetes care requested for such applicant, the procedure followed to determine whether to admit such applicant to TSI program, any reason admission to the TSI program was denied, and if an applicant was admitted, what diabetes care was agreed upon. TSI will maintain records to document all statements in the report. TSI shall also submit detailed information about any complaints to TSI by campers with diabetes or their parents or guardians, or actions taken by TSI that involve any camper who has diabetes, including any decision to deny a camper's

request for an accommodation after admission to the camp or any request or other action

by TSI that contributes to a camper's removal or departure before the end of a session for

which the camper was enrolled. The parties agree to adhere to all requirements for

confidentiality under the ADA.

13.     Notices. All notices, reports, or other such documents required by this Consent

Order shall be sent to the parties by (a) hand delivery with signed receipt from the

individuals mentioned below or other such persons as the parties may designate in

writing in the future, and/or (b) fax and, delivery via certified mail, return receipt

requested, to the following addresses or to such other person as the parties may designate

in writing in the future:

> For notices to Plaintiff E.M. and Kay Thompson:
>
> Stanley Eichner, Director
> Pamela Coveney, Staff Attorney
> Disability Law Center, Inc.
> 11 Beacon Street, Suite 925
> Boston, Massachusetts 02108
> (617) 723-8455
> (617) 723-9125 (facsimile)
>
> For notices to the Department of Justice:
>
> John L. Wodatch, Chief
> Attention: Robert Mather
> Disability Rights Section
> Civil Rights Division
> U.S. Department of Justice
> 1425 New York Avenue, NW
> Washington, D.C. 20005
> (202) 305-8454
> (202) 305-9775 (facsimile)
>
> For notices to TSI:
>
> Brian S. Cousin
> Shareholder

C.A. No. 05-10611-GAO

Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
(212) 801 9354
(212) 805-9354 (facsimile)

and

Maria Hallas
Of Counsel
Greenberg Traurig, LLP
800 Connecticut Avenue, Suite 500 .
Washington, D.C. 20006
202-533-2312
202-261-2668 (facsimile)

and

Robert S. Herbst
General Counsel
Town Sports International, Inc.
888 Seventh Avenue
New York, New York 10106
917-351-6680 ext. 1230
212-246-8466 (facsimile)

14.    Entire Agreement. This Consent Order, and any appendices attached, constitute

the entire agreement between the parties on the matters raised herein, and no other statement,

promise, or agreement, either written or oral, made by any of the parties or agents of any of

the parties, that is not contained in this written Consent Order or exhibits or attachments,

shall be enforceable regarding the matters raised herein.

15.    Copies Available. A copy of this Consent Order may be made available by the

United States or TSI to any person and will be provided by the United States in hard copy

upon request.

16.    Consent Order Binding on Parties and Successors in Interest. This Consent Order

shall be binding on all parties, including all principals, executors, administrators,

representatives, successors in interest, beneficiaries, assigns, heirs, and legal representatives thereof. Each party has a duty to so inform any such successor in interest and to timely notify in writing all parties and the United States of all such successors. In the event that TSI seeks to transfer or assign all or part of its interests in any facility covered by this Consent Order, other than a transfer or assignment to a TSI subsidiary or affiliate, and the successors or assigns intend to carry on the same or similar use of the facility, as a condition of sale, TSI shall obtain the written agreement of the successor or assign to comply with all terms and fulfill any obligations remaining under this Consent Order for the remaining term of the Order.

17.     This Consent Order fully and finally resolves any and all of the allegations of Plaintiff E.M. and/or Plaintiff United States in this case. It does not purport to remedy other potential violations of the ADA, MPAL or local law by TSI.

18.     Standing to Enforce. No parties other than Plaintiffs and TSI and TSI's successors in interest may enforce the terms of this Consent Order.

19.     Full and Final Settlement. The receipt of the funds as set forth in paragraph 10 of this Consent Order is in full and final accord, satisfaction, and final compromise and settlement of Plaintiffs' causes of action and disputed claims against Defendants for liquidated damages, compensatory damages, punitive damages, attorneys' fees, court costs, and any and all other monetary and equitable relief.

20.     Representations of No Other Claims. Plaintiffs, including the United States, represent that they are aware of no other claims, actions and/or cases, asserted or unasserted, under the ADA against one or more of the entities comprising Defendants or their parents, subsidiaries, affiliates, agents or representatives.

21.     Execution. The parties agree to execute six (6) originals of this Consent Order. Faxed signatures shall constitute original signatures for purposes of binding the individual parties.

22.     Term of the Consent Order. This Consent Order shall be in full force and effect for a period of three (3) years after the date of entry of this Consent Order. The Court shall retain jurisdiction to enforce this Consent Order.

23.     Severability. If any term of this Consent Order is determined by any court to be unenforceable, the other terms of this Consent Order shall nonetheless remain in full force and effect.

24.     Signatories Bind Parties. Signatories on behalf of the parties represent that they are authorized to bind the parties to this Consent Order.

25.     E.M.'s Guardians and Parents. Plaintiff E.M. represents that Kay Thompson and Quintus Medley comprise all of her parents and guardians and, besides these persons, there are no other parents and/or guardians for Plaintiff E.M.

26.     Term. The individual terms "parent", "parents", "guardian," and/or "guardians" shall be interpreted to mean all parents and guardians.

27.     Non-Waiver. Failure by Plaintiffs to seek enforcement of this Consent Order pursuant to its terms with respect to any instance or provision shall not be construed as a waiver to such enforcement with regard to other instances or provisions.

C.A. No. 05-10611-GAO

SO ORDERED, this the 10ᵗʰ day of _April_, 2006,

_____
United States District Court Judge George A. O'Toole Jr.

ACCEPTED AND AGREED TO this the ___ day of _____ 2006.

**C.A. No. 05-10611-GAO**

COUNSEL FOR Plaintiff E.M. by her mother and next friend KAY THOMPSON:


STANLEY EICHNER
Director
PAMELA COVENEY
Staff Attorney
DISABILITY LAW CENTER, INC.
11 Beacon Street, Suite 925
Boston, Massachusetts 02108
(617) 723-8455
(617) 723-9125 (facsimile)


KAY THOMPSON
Plaintiff E.M. by her mother and next friend

19 of 22

**C.A. No. 05-10611-GAO**

COUNSEL FOR THE UNITED STATES:

ALBERTO GONZALES
Attorney General of the United States

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

WAN J. KIM
Assistant Attorney General
Civil Rights Division

JOHN L. WODATCH
Chief, Disability Rights Section
PHILIP L. BREEN
Special Legal Counsel, Disability Rights
Section
RENEE M. WOHLENHAUS
Deputy Chief, Disability Rights Section

BARBARA HEALY SMITH
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3263
barbara.h.smith@usdoj.gov

ROBERT MATHER
Senior Trial Attorney
Disability Rights Section
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 307-2236
(202) 307-1198 (facsimile)
Robert.Mather@usdoj.gov

C.A. No. 05-10611-GAO

COUNSEL FOR DEFENDANTS

Annapoorni R. Sankaran, BBO #631065
GREENBERG TRAURIG LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (facsimile)

*Of Counsel*

BRIAN S. COUSIN
Shareholder
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166

MARIA HALLAS
Of Counsel
Greenberg Traurig, LLP
800 Connecticut Avenue, Suite 500
Washington, D.C. 20006

21 of 22

COUNSEL FOR DEFENDANTS

Annapoorni R. Sankaran, BBO #631065
GREENBERG TRAURIG LLP
One International Place, 20th Floor
Boston, MA 02110
(617) 310-6000
(617) 310-6001 (facsimile)

*Of Counsel*

BRIAN S. COUSIN
Shareholder
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166

MARIA HALLAS
Of Counsel
Greenberg Traurig, LLP
800 Connecticut Avenue, Suite 500
Washington, D.C. 20006

21 of 22

C.A. No. 05-10611-GAO

SIGNATORY FOR DEFENDANT TOWN SPORTS INTERNATIONAL, INC.

Printed Name: *ROBERT S. HERRST*

Title: *UP AND GENERAL COUNSEL*

SIGNATORY FOR DEFENDANT TSI WELLESLEY, INC.

Printed Name: *ROBERT S. HERRST*

Title: *UP AND GENERAL COUNSEL*

22 of 22